```
--------------------------------- x
UNITED STATES OF AMERICA,           :
                                    :
        - against -                 :        17-CR-764(LAP)
                                    :
DAMON WOODY,                        :
                                    :
                    Defendant.      :
---------------------------------x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

Before the Court is a <u>pro se</u> motion seeking modification of his sentence to home confinement (the "Motion") brought by Defendant Damon Woody ("Defendant"). Whether Defendant's Motion is construed as one for home confinement pursuant to 18 U.S.C. Section 3624(c) or for compassionate release pursuant to 18 U.S.C. Section 3582(c), the Motion is denied.

### I.   **FACTUAL BACKGROUND**

On November 13, 2017, the Defendant was charged by complaint with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. Section 1951; and the use, carrying, possession, and brandishing of a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. Sections 924(c) and 2. The charges arose out of the Defendant's participation in an October 2017 robbery of a moving and storage company located in the Bronx. The business operated out of a storefront on Boston Road, which, at the time, could only

1

be accessed by visitors through a buzzer system operated by an employee inside the store. (PSR ¶ 15).

At approximately 1:30 p.m. on October 28, 2017, the Defendant was buzzed into the establishment by the victim under the pretext of looking for employment. As the Defendant conversed with the victim, he was also speaking with codefendant, Leonardo Champagne, on his mobile phone. (PSR ¶ 13). At the same time, video surveillance showed his codefendant waiting outside of the store using his mobile phone. As the Defendant left the establishment he held the door open for Champagne to enter. (PSR ¶ 13). Once inside, Champagne confronted the victim brandishing a firearm and demanded that she produce all of her possessions. (PSR ¶¶ 13-14). When the victim attempted to reach for her mobile phone to call for help, Champagne used the firearm to beat her about her head and face. At one point the victim lost consciousness. (PSR ¶ 14). Champagne removed the victim's car keys, mobile phone and cash and ran out of the store into a waiting car that was operated and owned by the Defendant. (PSR ¶¶ 14-16).

The Defendant was arrested on November 14, 2017 after the execution of a search warrant at his residence. (PSR ¶ 19). Investigators recovered live ammunition, .45 caliber shell casings, and $200 in cash, among other things. (Id.) At presentment the Defendant was released on bail pursuant to the following conditions: a $75,000 personal recognizance bond cosigned by three financially responsible people; travel restricted to SDNY and

EDNY; surrender all travel documents with no new applications made; strict pretrial supervision ordered with drug testing and treatment and special conditions requiring the Defendant to continue and/or seek employment; refrain from possession of a firearm or weapon; maintain residence and not relocate without prior approval of Pretrial Services; and refrain from visiting the vicinity of 3403 Boston Road, Bronx, NY, while the case was pending.

On December 13, 2017, a grand jury returned 17 Cr. 764 (LAP) (the "Indictment") charging the Defendant with essentially the same conduct as charged in the complaint.

On April 2, 2018, the Government moved pursuant to 18 U.S.C. Section 3148 to have the Defendant's order of release revoked on the grounds that, while out on bail, he assaulted an employee of the moving and storage company whom he suspected of being a Government informant. (Tr., dated Apr. 2, 2018, at 13:12 – 14:6). As a result of the Government's motion, the district court revoked the Defendant's bail and ordered him detained pending trial. (Tr. at 25:22- 28:21).

On May 15, 2018, the Defendant entered a plea of guilty to Count One of the Indictment charging him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. Section 1959. On August 3, 2018, the Probation Department completed the PSR, which calculated the applicable Guidelines Range of 63 to 78 months' imprisonment. The Probation Department recommended a within-

3

Guidelines sentence of 63 months' imprisonment, reasoning that the nature of the offense, specifically the injuries sustained by the victim, warranted such a term of incarceration.

On October 10, 2018, this Court sentenced the Defendant to 36 months' imprisonment. On May 11, 2020, the Defendant filed a request with Bureau of Prisons ("BOP") officials at FCI Allenwood Low to be transferred to home confinement, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (See Ex. A). BOP denied the Defendant's request the following day because it determined that he did not fall within the class of vulnerable inmates as set forth in the guidelines issued by the Centers for Disease Control and Prevention ("CDC") or meet the criteria established by the Attorney General. (See Govt. Opp. at Ex. B). The Defendant filed the instant motion on May 13, 2020 asking the Court for "immediate release to home confinement." (Def. Mot. At 1).

## II. **DISCUSSION**

To the extent that Defendant is moving for home confinement pursuant to Section 3624(c), the Court notes that federal law vests the BOP with plenary power to designate where inmates serve their sentences. See 18 U.S.C. § 3621(b). In any event, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." Id.

The CARES Act did not create any new rights or judicial remedies for prisoners under Section 3624(c)(2). Rather, the CARES Act authorized the Attorney General to expand the length of a period of home confinement. Pub. L. No. 116-136, § 12003(b)(2) (Mar. 27, 2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. Section 3624(c)(2)], as the Director determines appropriate.").

Here, the BOP has already assessed the Defendant's case and found that he should not be released to home confinement based on the criteria set out in the Attorney General's March 26, 2020 memorandum. That is, the BOP found that the Defendant neither falls within the age group considered most at risk, nor does he suffer from any of the comorbidities that would make him more susceptible to COVID-19 infection. See Attorney General Memorandum on Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic ("AG Memo") (March 26, 2020).[1] Critically, the CDC has issued guidelines identifying people age 65 or older or with particular medical conditions as being at "higher risk for severe illness" resulting from COVID-19. See Centers for Disease

---

[1] Available at https://www.justice.gov/file/1262731/download (last visited May 29, 2020).

Control and Prevention, <u>COVID-19 - People Who Are At Higher Risk</u>.[2] The Defendant is a 31-year-old man who reports no serious illnesses or medical conditions that would place him in a high-risk category. (<u>See</u> PSR ¶ 57). Thus, the BOP concluded that Woody was not suitable for home confinement based on its "assessment of the inmate's risk factors for severe COVID-19 illness, risks of COVID-19 at the inmate's prison facility, as well as the risks of COVID-19 at the location in which the inmate seeks home confinement."(AG Memo at 2; <u>see also</u> Govt. Opp. at Ex. B). Because the Defendant has no health concerns or vulnerabilities that place him at risk for infection, BOP's decision to deny his application for home confinement is an exercise of its discretion to "prioritize[] access to resources for inmates with particular health concerns or vulnerabilities." <u>United States v. Fana</u>, No. 19 Cr. 11 (GHW), 2020 WL 1816193, at *3 (S.D.N.Y. Apr. 10, 2020)(slip copy).

Finally, it is worth noting that the Defendant's projected release date is October 17, 2020, which means that he has almost five months remaining on his sentence. Because the Defendant was sentenced to 36 months' imprisonment, he has more than ten percent of his sentence to serve and therefore falls outside the ambit of Section 3624(c)(2). Accordingly, because the Court is without authority to direct the BOP to release Defendant to home confinement, his Motion pursuant to Section 3624(c) is denied.

---

[2] Available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited May 29, 2020).

To the extent that Defendant is moving for compassionate release pursuant to Section 3582(c), the Court assumes without deciding that it has the power to decide the motion prior to Defendant's exhaustion of his administrative remedies.  Nevertheless, the Motion is denied.

In order to prevail on a motion for compassionate release, a Defendant must demonstrate "extraordinary and compelling circumstances" compelling release.  Defendant has not done so.  Although Defendant is to be commended for earning his GED and other certifications while incarcerated, as noted above, he is 31 years old and does not report any health issues that would make him particularly vulnerable to COVID-19.  Thus, Defendant has not demonstrated the type of "extraordinary and compelling circumstances" that would mandate his release.

In any event, even if Defendant had demonstrated extraordinary and compelling circumstances, the Court would deny his Motion in order to safeguard the safety of the community.  As noted above, not only did Defendant participate in a robbery where the female clerk was pistol-whipped, but while in pre-trial release he assaulted someone he thought had cooperated against him.

Accordingly, Defendant's motion for release (dkt. no. 80) is denied.

**SO ORDERED.**

Dated:   New York, NY
         May 29, 2020

_____
Loretta A. Preska
Senior United States District Judge