# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 15, 2022

**BY ECF and EMAIL**

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007

Re:     **United States v. Damon Woody**
        **17 CR 764 (LAP)**

Dear Judge Preska:

Without objection from Probation, I write to request early termination of Mr. Woody's term of supervised release. The Government defers to Probation and does not object to their recommendation.

Mr. Woody has completed more than two years of the three-year term of supervised release the Court imposed on October 10, 2018. At the time of sentencing, the Court recognized Mr. Woody's commitment to lawful employment and encouraged him not only to talk about "working to better himself" but also to "walk the walk." Dkt. No. 74, Sent Tr. at 26, 31. Mr. Woody has done just that. Since his release from custody, he has been steadily employed, fully satisfied all of his financial obligations, and complied with all of the conditions of supervised release. For these reasons, Mr. Woody's supervising Probation Officer, Robert Terry-Brooks, believes early termination is appropriate this time.

**The Court has discretion to terminate supervision at this time.**

18 U.S.C. §3583(e) gives the Court authority to terminate supervision at any time after the expiration of one year, if such action is "warranted by the conduct of the defendant released and the interests of justice." "Congress intended supervised release to assist individuals in their transition to community life. (citation omitted) Accordingly 'supervised release fulfills rehabilitative ends, distinct from those served by incarceration.'" *United States v. Burden*, 860 F.3d. 456 (2d Cir. 2017).

In this case, as set forth more fully below, both the conduct of Mr. Woody and the interests of justice would be served by terminating supervision at this time.

### Early Termination of Supervision will serve the interests of justice.

Mr. Woody was released from custody in October 16, 2020, in the middle of a global pandemic. Undeterred by the dismal economic circumstances in New York City, he found work immediately as a plumber's helper and boiler technician. After several months, he found a better paying job delivering food to the elderly. Then, in March 2021, Mr. Woody began work at an extermination company, Global Pest Control, as a technician. For the past 20 months, he has been working full time, Sunday thru Thursday. On his days off, he sometimes works a second job to make additional money.

Mr. Woody has maintained a stable residence with his mother and has satisfied the judgement in this case, paying in full both the restitution and special assessment. Dkt. No. 89. He has reported regularly to his probation officer who recommended that he be transferred to the administrative caseload because he no longer needed active supervision.

Studies on the effects of early termination show that "offenders granted early termination of probation. . .posed no greater danger to the community than offenders who served their full probation term." See Laura M. Baber, James L. Johnson, *Early Termination of Supervision: No Compromise to Community Safety*, available at https://www.ojp.gov/ncjrs/virtual-library/abstracts/early-termination-supervision-no-compromise-community-safety. The resources of the probation department would be better spent on an individual who needs supervision and can benefit from the services offered by a probation officer.

### Conclusion

The Court was correct in its assessment that Mr. Woody was remorseful for his offense conduct and had the ability to work lawfully upon his return to the community. For all the reasons set forth above, without objection from Probation and with the Government deferring to the recommendation of Probation, I ask the Court to terminate supervision pursuant to 18 U.S.C. §3853(e).

*Mr. Woody's supervised release is terminated immediately. He is to be congratulated for his splendid behavior.*

Respectfully submitted,

Jennifer Brown

Jennifer L. Brown
Attorney-in-Charge
Federal Defenders of New York
(212) 417-8722

cc: AUSA Dominic Gentile (By e-mail)
USPO Robert Terry-Brooks (By e-mail)

SO ORDERED

Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

3/22/23